## HATTIE BLAZER v. JOHN J. ROGNER.

FILED JUNE 21, 1895.   No. 5049.

1. **Mechanics' Liens:** SUFFICIENCY OF EVIDENCE TO SHOW CONTRACT. Where the testimony is uncontradicted, it is sufficient to show that the owner of the real property to be improved contracted with the claimants of a mechanic's lien for the work subsequently done, through a person in the employ of such claimants.

2. **Trial:** ADMISSION OF INCOMPETENT EVIDENCE: REVIEW. The admission of evidence which, though not competent, is immaterial affords no grounds for the reversal of a decree in equity.

ERROR from the district court of Douglas county.   Tried below before WAKELEY, J.

*John P. Davis*, for plaintiff in error.

*B. G. Burbank, contra.*

RYAN, C.

J. M. Stephens and Peter Rogner began this action for the foreclosure of a mechanic's lien against real property owned by the plaintiff in error.   Afterward John J. Rogner was substituted as plaintiff and, upon a trial had in the district court of Douglas county, a decree was rendered as prayed.   Hattie Blazer now prosecutes these proceedings in error for the reversal of this judgment.

The errors assigned are argued in the order in which they shall now be considered.   It is insisted that there is not a word of evidence showing a contract between J. M. Stephens and Peter Rogner on one side and Hattie Blazer on the other.   There was no oral testimony in the case save that of John J. Rogner, under whose charge the work for which this lien is sought to be enforced was done.   He described how he made the contract, its terms, and what he

did under it.   He testified he was working for J. M. Ste-
phens and Peter Rogner.   Under the circumstances this
was sufficient.   It is urged that there was incompetent tes-
timony admitted as to the contents of a certain letter.   At
most, this was immaterial evidence, for it was simply to the
effect that the witness John Rogner, after he had procured
the claim for the mechanic's lien to be recorded, sent it to
Peter Rogner, who wrote witness a letter in which he said
that it was all right.   There was no objection made until
after the answer objected to had been made.   It was then
too late to be availing.   At any rate this was an equitable
action, and the admission of merely immaterial evidence
affords no grounds for the reversal of the decree entered.
The judgment was sustained by sufficient evidence and is

AFFIRMED.